**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                        :
ZENAIDA JACKSON,                        :
                                        :
        Plaintiff,                      :
                                        :       Civil Action No. 08-5692 (JAG)
        v.                              :
                                        :       **ORDER**
ANN KOGGLER,                            :       CLOSED
                                        :
        Defendant.                      :
_____:

**GREENAWAY, JR., U.S.D.J.**

      This matter comes before this Court on the application to proceed in forma pauperis filed by pro se plaintiff Zenaida Jackson ("Plaintiff"). Having reviewed Plaintiff's application and the attached complaint, this Court will grant Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, ask the Clerk to file the complaint, and dismiss the complaint for failing to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      In her complaint, Plaintiff alleges that "Ann Koggler is an employee of the Division of Youth and Family Services [who] conspired with Selena Green Christmas/Green to steal [Plaintiff's] child." Plaintiff alleges that these actions, which violated her civil rights, occurred in 1992-93.

      Reading this complaint as broadly as possible, as this Court must when addressing claims of pro se litigants, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992), this Court concludes that Plaintiff intends to bring a claim pursuant to

42 U.S.C. § 1983.

"The statute of limitations for any Section 1983 claim is the state statute which limits actions for personal injuries. 'In New Jersey that statute is N.J.S.A. [sic] [§] 2A:14-2, which provides that an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action.'" Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989) (citing Wilson v. Garcia, 471 U.S. 261, 276 (1985) and quoting Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987)). "It is axiomatic that under federal law, which governs the accrual of section 1983 claims, 'the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action.'" Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998) (quoting Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)). See also Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) ("A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based.").

Since Plaintiff's cause of action accrued, at the latest, in 1993, the statute of limitations expired in 1995. As such, Plaintiff's complaint is untimely by approximately 13 years. Generally, under FED. R. CIV. P. 8(c), the statute of limitations constitutes an affirmative defense. However, the Supreme Court of the United States has observed, in connection with screening of complaints, pursuant to 28 U.S.C. § 1915(e)(2)(B), that "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." Jones v. Bock, 549 U.S. 199,

215 (2007). Since the complaint, on its face, clearly indicates that relief is barred by the statute of limitations, this Court shall dismiss the complaint, with prejudice, for failing to state a claim on which relief may be granted.

Therefore,

IT IS, this 26th day of January, 2009,

ORDERED that the application to proceed in forma pauperis is GRANTED, pursuant to 28 U.S.C. § 1915; and it is further

ORDERED that the Clerk of the Court shall file the Complaint without prepayment of fees and security; and it is further

ORDERED that the complaint is DISMISSED, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted; and it is further

ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of entry of this Order.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.